IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
VALDOSTA DIVISION

ROBERT ARNOLD SHARPE, JR., :
:
      Petitioner, :
:
VS. :
:   NO. 7:13-CV-11 (HL)
Warden STANLEY WILLIAMS, :
:
      Respondent. :   **O R D E R**

Petitioner **ROBERT ARNOLD SHARPE, JR.**, a prisoner at Smith State Prison, filed the instant habeas corpus petition under 28 U.S.C. § 2254. He seeks to challenge his September 12, 2011 conviction[1] for child molestation in the Superior Court of Berrien County. According to Petitioner, he received a sentence of 20 years, with eight to be served in prison. Petitioner's application shows that he filed a petition for writ of habeas corpus in the Superior Court of Tattnall County on May 24, 2012, which remains pending (case # 2012-HC-33-CR).

It is well-settled that exhaustion of state court remedies is required before a habeas corpus petitioner can proceed in federal court. *See Braden v. 30th Judicial Circuit Court*, 410 U.S. 484, 489-92 (1973); ***Thomas v. Crosby***, 371 F.3d 782, 812 (11th Cir. 2004) (explaining that "[a]mong the most fundamental common law requirements of § 2241 is that petitioners must first exhaust their state court remedies"). A petitioner has not exhausted the available state remedies "if he

---

[1] Although in the instant petition, Petitioner describes his conviction as occurring on September 12, 2011, in a prior habeas petition filed in this Court, 7:12-cv-30 (HL), Petitioner stated that his conviction occurred on September 12, 2010.

1

has the right under the law of the State to raise, by any available procedure," the claims presented in his federal habeas petition.   28 U.S.C. § 2254(c).

The Eleventh Circuit Court of Appeals held as follows regarding what a petitioner must do to exhaust a claim:

> Exhaustion requires that "state prisoners must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process."  That is, to properly exhaust a claim, the petitioner must "fairly present[]" every issue raised in his federal petition to the state's highest court, either on direct appeal or on collateral review [*i.e.*, pursuant to a state habeas corpus action, O.C.G.A. § 9-14-1(a)].

*Mason v. Allen*, 605 F.3d 1114, 1119 (11th Cir. 2010) (citations omitted); *see also O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999).

In rare circumstances, a federal court may excuse a petitioner from the exhaustion requirement.  Such instances include where there is an "absence of available State corrective process [ ] or circumstances [ ] render such process ineffective to protect the rights of the applicant," 28 U.S.C. § 2254(b)(1)(B)(i)-(ii), or where "the state court has unreasonably or without explanation failed to address petitions for relief," *Hollis v. Davis*, 941 F.2d 1471, 1475 (11th Cir. 1991).

Petitioner indicates that he has not exhausted his state remedies, but appears to claim that exhaustion should be excused because eight months have elapsed since he filed his state habeas petition.  Merely a delay of eight months before the Georgia court rules on Petitioner's state habeas petition is insufficient for this Court to waive the exhaustion requirement. *See Slater v. Chapman*, 147 F. App'x 959, 960 (11th Cir. 2005) (per curium) (district court properly dismissed petition following delay of 14 months in appointment of counsel for petitioner in state court appeal, where appeal was moving forward); *Cook v. Florida Parole and Probation*

***Commission***, 749 F.2d 678, 680 (11th Cir. 1985) (per curium) (finding nearly three and a half year delay in state court action on habeas petition is insufficient to excuse exhaustion where delay was due to state's desire to allow petitioner to participate in a hearing and petitioner's incarceration outside the state).

Accordingly, pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts, the instant petition is hereby **DISMISSED WITHOUT PREJUDICE.**[2] Petitioner may refile his federal habeas petition after he has exhausted his state court remedies.

Rule 11(a) of Rules Governing Section 2254 Cases in the United States District Courts, as amended December 1, 2009, provides that "[t]he district court must issue or deny a certificate of appealability ["COA"] when it enters a final order adverse to the applicant." A COA may issue only if the applicant makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). This standard requires a petitioner to demonstrate that "reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." ***See Slack v. McDaniel***, 529 U.S. 473, 478 (2000). The Court concludes that reasonable jurists could not find that a dismissal of the instant action was debatable or wrong. Accordingly, it is hereby **ORDERED** that Petitioner be **DENIED** a COA.

Finally, because Petitioner is not entitled to a COA, he is not entitled to appeal *in forma pauperis*.

---

[2] Under Rule 4, this Court is required to conduct a preliminary review of a habeas corpus petition and, if it "plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court," the Court must dismiss the petition. ***See McFarland v. Scott***, 512 U.S. 849, 856 (1994) ("Federal courts are authorized to dismiss summarily any habeas petition that appears legally insufficient on its face").

3

**SO ORDERED**, this 5th day of February, 2013.

*s/ Hugh Lawson*
HUGH LAWSON
UNITED STATES DISTRICT JUDGE

cr